**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**FRANK LEROY LATHAM,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 16-cv-0095 KG/SMV**

**FNU HATCH, FNU BROWN,**
**M. LNU, and FNU LNU,**

    **Defendants.**

## ORDER

THIS MATTER is before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2], filed on February 8, 2016. Plaintiff has failed to submit a certified copy of his inmate account statement as required by 28 U.S.C. § 1915(a)(2). In his application, Plaintiff informs the Court that he requested his inmate account statement, but "[t]hey sent me someone else['s] statement and now won't even reply." [Doc. 2] at 3. He appears to ask the Court to take judicial notice of the financial certificates filed in another pending civil rights case in this Court. *See Latham v. Corizon Health Servs.*, 15-cv-1076-MCA-CG. The Court may "take judicial notice of its own records." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Although § 1915(a)(2) requires "a prisoner seeking to bring a civil action . . . without prepayment of fees . . . [to] submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint," the Court will take judicial notice of the financial certificates provided in *Latham*, 15-CV-1076-MCA-CG [Docs. 74, 68, 67], in light of Plaintiff's

1

alleged difficulty in obtaining a certified copy of his inmate account statement. The Court notifies Plaintiff, however, that his pro se status does not excuse the obligation to comply with the fundamental requirements of § 1915 and the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (1994).

Based on the information about Plaintiff's financial status, the Court will waive an initial partial payment pursuant to § 1915(b)(1). Because the Court grants the application, the filing fee for this civil rights complaint is $350. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Failure to comply with this order may result in dismissal of the complaint without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**, and the initial payment is WAIVED;

**IT IS FURTHER ORDERED** that Plaintiff file monthly financial certificates and make monthly payments of 20% of the preceding month's income credited to his account or show cause why the payment should be excused; and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**