IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK LEROY LATHAM,

    Plaintiff,

    v.      No. CIV 16-00095-KG-GJF

FNU HATCH, *Warden*, FNU BROWN,
*Warden*, M. LNU, *Major*, FNU LNU,
*Sergeants of Segregation*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint [Doc. 1], supplemental complaint [Doc. 5], and Plaintiff's letter [Doc. 7], which the Court liberally has construed as a motion for emergency injunctive relief. [*See* Doc. 9] Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons explained below, Plaintiff's complaint will be dismissed under § 1915(e)(2) for failure to exhaust his administrative remedies, the Court will decline to exercise supplemental jurisdiction over the state law claims in Plaintiff's supplemental complaint, Plaintiff's motion for emergency injunctive relief will be denied, and judgment will be entered.

I.    **FACTS AND PROCEDURAL HISTORY**

Plaintiff is a wheelchair-bound inmate incarcerated at Northeast New Mexico Detention Facility (NENMDF). [Doc. 1] On February 8, 2016, Plaintiff filed his prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants have failed to provide him with handicap-access to outdoor recreation areas, tables, and restrooms. [Doc. 1] Plaintiff further

alleges that he has been "bulldogged" by other inmates and "beaten up by same inmates for [his] canteen." [Doc. 1 at 2]   Plaintiff also complains about the presence of drugs at NENMDF and contends that Defendant Major Montoya knows about these drugs, but "won't do anything about it." [Doc. 1 at 3]   Lastly, Plaintiff alleges that NENMDF "has a gang that really wants [him] dead." [Doc. 1 at 6]

On February 29, 2016, Plaintiff filed a supplement to his civil rights complaint, which raises claims under the New Mexico Tort Claims Act, N.M. Stat. Ann. § 41-4-1, *et seq.* [Doc. 5] Plaintiff alleges that Defendants have failed to provide him with handicap access to outdoor recreation or a table at which he can eat, and that the cell provided for him fails to comply with the American with Disabilities Act Guidelines. [Doc. 5 at 2]   Plaintiff further alleges that he is being "bulldogged" by other inmates, that his mental health is deteriorating, and that Defendants have retaliated against him for filing the present lawsuit by revoking all of his good-time credit in a disciplinary proceeding. [Doc. 5 at 4]

On February 29, 2016, Plaintiff filed a letter with the Court in which he expressed his imminent intention to kill himself. [Doc. 7]   In his letter, Plaintiff stated that his "life is in danger," he faces death by true predators," and rather than "get beaten to death," he has chosen to "die by his own hands." [*Id.* at 1-4]   The Court liberally construed the letter as a motion for emergency injunctive relief and ordered Defendants to file a Limited *Martinez* Report addressing "the steps taken by Defendants to secure Plaintiff's physical safety, both from himself and other inmates." [Doc. 9]

On March 17, 2016, Defendants timely filed their Limited *Martinez* Report. [Doc. 19] Defendants contend that Plaintiff's motion for emergency injunctive relief should be denied, because Plaintiff "is not in imminent danger of harming himself, or of being harmed by others."

[Doc. 19 at 2]   Defendants also move to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).   [Doc. 19 at 3] Alternatively, Defendants move the Court to "enter summary judgment for Defendants on all of the claims asserted herein because [Plaintiff] has not exhausted his administrative remedies." [Doc. 19 at 3]

Plaintiff has filed various letters and motions for the appointment of counsel, which the Court liberally will construe, in relevant part, as responses to the Limited *Martinez* Report. [Docs. 20, 21, 22, 23, 24]   In his responses, Plaintiff contends that the Limited *Martinez* Report is "wrong" because all of his "good-time was not taken" in his disciplinary proceeding, but rather "only 12 days."   [Doc. 21 at 1; Doc. 24 at 11]   Plaintiff further contends that the Limited *Martinez* Report is full of "so many lies." [Doc. 22 at 1]   For example, Plaintiff alleges that neither the outdoor recreation area nor the outdoor restrooms are handicap-accessible and that he never threatened to throw urine at Defendant Brown.   [Doc. 24 at 4-10]

## II.   DISCUSSION

A.   Plaintiff's Complaint Will Be Dismissed For Failure to Exhaust His Administrative Remedies

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."   Section 1915(e)(2) gives the district court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or whose legal basis is "indisputably meritless."   *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (internal quotation marks and citation omitted). "When the pro se plaintiff is a prisoner, a court-authorized investigation and report by prison

officials (referred as a *Martinez* report) is not only proper, but may be necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Id.* A court may consider a *Martinez* report in dismissing a claim pursuant to § 1915(e)(2), but it may not "resolve material disputed factual issues by accepting the report's factual findings when they are in conflict with the pleadings or affidavits." *Id.* In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint is governed by the Prisoner Litigation Reform Act (PLRA), which requires a prisoner challenging prison conditions to exhaust his administrative remedies prior to filing suit in federal court. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Indeed, a prisoner "must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Under the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 85.

To determine whether Plaintiff has exhausted his administrative remedies, the Court considers the materials provided by Defendants in the Limited *Martinez* Report. *See Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) ("In contrast to dismissal under Fed. R. Civ. P. 12(b)(6), dismissal under [§ 1915(e)(2)] may follow consideration of material outside the pleadings, and specifically may follow consideration of a *Martinez* report."). NENMDF has a grievance procedure consisting of three steps: (1) submission of an inmate informal complaint; (2)

submission of a formal grievance; and (3) a department-level appeal to the Secretary of the Department of Corrections. [Doc. 19 at 12; Doc. 19-18 (Exhibit P) and 19-19 (Exhibit Q)]. An inmate exhausts his available administrative remedies by "[t]he completion of the grievance process through the Department-level appeal." [*Id.*]

According to the information in the Limited *Martinez* Report, Plaintiff has not filed any "informal complaints, formal grievances or grievance appeals regarding alleged issues with handicap accessibility to outdoor recreation areas at NENMDF." [Doc. 19 at 13; Doc. 19-18 at 2 (Exhibit P)] Additionally, Plaintiff has not filed any "any inmate informal complaints, formal grievances, or grievance appeals regarding alleged 'bulldogging' or harassment by other inmates at NENMDF." [*Id.*] In his responses to the Limited *Martinez* Report, Plaintiff does not dispute these facts, nor does he allege that his failure to file any informal complaints, formal grievances, or grievance appeals was caused by the action or inaction of prison officials. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (noting that prior to dismissing a civil rights complaint for failure to exhaust administrative remedies under the PLRA, courts "are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials"). Based on the foregoing, the Court concludes that Plaintiff has failed to exhaust his administrative remedies as required by the PLRA and will dismiss Plaintiff's civil rights complaint [Doc. 1] without prejudice for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be *without* prejudice." (emphasis in original)).

Plaintiff's supplemental complaint raises state law claims under the New Mexico Tort Claims Act. [Doc. 5] Title 28 of the United States Code, section 1367(c) provides that the Court

may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Tenth Circuit Court of Appeals has "generally held that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (internal quotation marks, citation, and alteration omitted). In light of the dismissal of Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims and, therefore, Plaintiff's supplemental complaint will be dismissed without prejudice.

B.      Plaintiff's Motion for Emergency Injunctive Relief Will be Denied

To obtain a preliminary injunction under Federal Rule of Civil Procedure 65, "the moving party must demonstrate four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in the movants favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). The Tenth Circuit Court of Appeals has warned that "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action—a mandatory preliminary injunction—before a trial on the merits," because "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *Id.* Since mandatory preliminary injunctions "are traditionally disfavored," the moving party "seeking such an injunction [must] make a heightened showing of the four factors." *Id.*

Plaintiff is proceeding pro se and, therefore, the Court must construe his filings liberally and hold them "to a less stringent standard." *Hall*, 935 F.2d at 1110. However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Furthermore, pro se status "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

In light of the dismissal of Plaintiff's complaint and supplemental complaint [Docs. 1, 5], the Court concludes that Plaintiff is unlikely to succeed on the merits of his claims. *See* part II.A, *supra*. Therefore, the first factor does not weigh in favor of the issuance of emergency injunctive relief.

The second factor, irreparable harm, also does not weigh in favor of the issuance of emergency injunctive relief. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks and citation omitted). "Irreparable harm is not harm that is merely serious or substantial," rather it is harm of "such *imminence* that there is a clear and present need for equitable relief." *Id.* (internal quotation marks and citation omitted; emphasis in original). According to the Limited *Martinez* Report, Plaintiff currently is housed in a segregation unit, where he "he has no physical access to any other inmate at NENMDF." [Doc. 19 at 13] Corrections officers visually monitor Plaintiff twice every hour [Doc. 19 at 13] and Plaintiff receives "regular visits from mental health providers and medical personnel." [Doc. 19 at 17] Each time "Plaintiff makes self-injurious remarks, he is evaluated by mental health providers" and Plaintiff "has repeatedly denied suicidal ideation." [Doc. 19 at 19] Plaintiff does not dispute these facts, but rather, confirms that he is housed in segregation where he does not have access to other inmates. [Doc. 24 at 2-3] On the basis of the foregoing, the Court concludes that Plaintiff has failed to demonstrate an irreparable risk of harm to his physical safety, either from himself or other inmates.

The third and the fourth factors also do not support the issuance of emergency injunctive

relief. The PLRA provides, in relevant part, that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1).  As the Supreme Court has recognized, "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform." *Turner v. Safley*, 482 U.S. 78, 84 (1987).  Indeed, "[r]unning a prison is an inordinately difficult task that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Id.* at 84-85.  Therefore, "separation of powers concerns counsel a policy of judicial restraint."  *Id.* at 85; *see Meachum v. Fano*, 427 U.S. 215, 228-29 (1976) (holding that the federal courts should not become involved in "the day-to-day function of state prisons").  Neither the balance of the equities nor the public interest would be served by the issuance of mandatory injunctive relief involving the Court in the day-to-day management of prison life.

For the foregoing reasons, the Court concludes that Plaintiff has failed to make a heightened showing that he is entitled to emergency injunctive relief.  Accordingly, his motion for emergency injunctive relief [Doc. 7] will be denied.

### III.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's complaint [Doc. 1] and supplemental complaint [Doc. 5] are DISMISSED without prejudice; Plaintiff's motion for emergency

injunctive relief [Doc. 7] is DENIED; all other pending motions are DENIED as moot; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE